IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANETIRONY CLERVRAIN,

                              Plaintiff,

        v.                              CASE NO. 18-3039-SAC

JEFF SESSIONS,

                              Defendants.

MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE

    Plaintiff Manetirony Clervrain, a federal prisoner currently being held at Moshannon Valley Correctional Institution in Philipsburg, Pennsylvania, brings this *pro se* action pursuant to 8 U.S.C. § 1421(c).[1] For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

I. Nature of the Matter before the Court

    After filing a 60-page document titled "Memorandum of Law in Support of the Plaintiff's Federal Declaratory Judgment Act, Pursuant to 28 U.S.C. § 2201," the Court issued Plaintiff a Notice of Deficiency (Doc. 4) ordering him to file a complaint on court forms as required by local rule. Plaintiff complied and refiled his complaint (Doc. 10). Plaintiff's initial filing raised

---

[1] Plaintiff also invokes jurisdiction pursuant to 28 U.S.C. § 1331(3); 8 U.S.C. §1503; 8 U.S.C. § 1422; 28 U.S.C. § 1651; 5 U.S.C. § 701, 553; 28 U.S.C. § 1367; 8 U.S.C. § 1252; 8 U.S.C. § 1447; and 28 U.S.C. § 1332. However, his claim is properly brought pursuant to 8 U.S.C. § 1421.

numerous issues and named numerous defendants.  However, he narrowed the issues significantly in his re-filed complaint.  The re-filed complaint, upon which the Court proceeds, challenges the determination of the U.S. Citizenship and Immigration Services (USCIS) to deny Mr. Clervrain's naturalization application and names one defendant, U.S. Attorney General Jeff Sessions.

According to the complaint and attachments (Doc. 10), Plaintiff, a Haitian national, filed an application for naturalization on August 3, 2007, while living in Florida, and appeared for an examination of his application on December 9, 2008.  After investigation and examination of his application, USCIS issued a decision on September 14, 2009, denying naturalization.  The stated reason was "poor moral character."   USCIS based its decision on two convictions in Miami for Driving While License Suspended – Habitual Offender (3rd degree felony).  The decision received by Plaintiff stated, "If you desire to request a review hearing on this decision pursuant to Section 336(a) of the Act, you must file a request for a hearing <u>within 30 Days</u> of the date of this notice. If no request for hearing is filed within the time allowed, this decision is final."  Doc. 10-1 at 1 (emphasis in original).

Plaintiff filed a request for hearing on January 6, 2017, more than seven (7) years after the denial.[2]  At the time, it appears Mr. Clervrain resided in a federal correctional institution in Mississippi.  USCIS rejected the request on August 23, 2017, as improperly filed and found it did not meet the requirements for a motion to reopen or reconsider. Doc. 10-1 at 5.  Plaintiff proceeded to file this action while residing in the Reeves County Detention Center in Pecos, Texas.

---

[2] The Court notes, based on attachments to Plaintiff's motion for injunctive relief, that Plaintiff apparently resubmitted his application for naturalization two more times, in 2010 and 2013.  It appears both applications were administratively closed when Plaintiff failed to appear for the required examination.  However, there is no indication that he requested a hearing at any point prior to January, 2017.

In his complaint, Plaintiff alleges the actions of USCIS were discriminatory and denied him due process. He requests trebled compensatory, exemplary, punitive, and nominal damages; attorney fees and costs; and retroactive declaratory and injunctive relief.

Plaintiff has also filed a motion for injunctive relief (Doc. 11), a third motion for leave to proceed in forma pauperis (Doc. 13), a motion for marshal to effectuate service (Doc. 14), and a motion for reconsideration of the Court's order granting him leave to proceed in forma pauperis (Doc. 15).

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a *pro se* complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

Plaintiff's complaint is subject to dismissal because it is untimely and because he failed to exhaust his administrative remedies, thus depriving this Court of jurisdiction.[3]

**A. Plaintiff's claim for review of USCIS's denial is untimely.**

28 U.S.C. § 2401(a) provides:

---

[3] Plaintiff also filed this action in the wrong venue. It should have been filed in the Western District of Texas, Pecos Division, because he was housed at a correctional facility in Pecos, Texas, at the time of filing. As far as the Court can discern, Plaintiff has never resided in Kansas. However, because the action is facially subject to dismissal, the Court declines to transfer it.

4

> Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within *six years after the right of action first accrues*. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

28 U.S.C. § 2401(a) (emphasis added).

A right of action "first accrues when a plaintiff knows or has reason to know of the injury that forms the basis of the action." *Leon v. Murphy*, 988 F.2d 303, 309 (2d Cir. 1993). In this case, the right of action accrued when UCSIS's denial of Plaintiff's application for naturalization became final. "[T]wo conditions . . . generally must be satisfied for agency action to be 'final' under the APA. 'First, the action must mark the consummation of the agency's decisionmaking process – it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.'" *U.S. Army Corps of Engineers v. Hawkes Co.*, ___ U.S. ___, 136 S. Ct. 1807, 1813 (2016) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). Inasmuch as Plaintiff's claim is that his naturalization application was improperly denied, his claim accrued at the latest when the September 14, 2009, decision became final 30 days after he received it; i.e., on or about October 14, 2009.

8 U.S.C. § 1421(c) required Plaintiff to exhaust his administrative remedies prior to seeking judicial review of the denial of his application for naturalization, and he was required to do so in a timely manner. *See Escaler v. U.S. Citizenship & Immigration Serv.*, 582 F.3d 288, 292 (2d Cir. 2009); 8 C.F.R. § 336.2(a*). Cf. Woodford v. No*, 548 U.S. 81, 83-84 (2006) ("filing an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's exhaustion requirement); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (failure to timely exhaust administrative remedies results in a procedural default which

5

precludes judicial review of inmate's claim). If Mr. Clervrain had filed a timely request for an administrative hearing, then the statute of limitations would not have begun to run until the resulting decision was issued. However, he did not file a timely hearing request, and "it would be antithetical to the purpose of statutes of limitations to allow [his] untimely filing to extend [his] time to seek judicial review of the denial of [his] naturalization application." *Phillips v. Lynch*, No. 15-CV-01514-DRH, ECF No. 14, at 14, Memorandum & Order (E.D.N.Y. June 9, 2016).

Because Plaintiff's claim accrued on or about October 14, 2009, the filing of this complaint on February 2, 2018, was untimely. Therefore, the complaint is subject to dismissal.

Under very limited circumstances, a limitation period may be equitably tolled. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Id.* Plaintiff has made no argument for the application of equitable tolling, and the Court finds no cause to do so.

### B. Plaintiff's failure to exhaust his administrative remedies deprives the Court of jurisdiction to review the denial of his naturalization application.

Plaintiff's claim in this action arises under a specific jurisdictional statute enacted as part of the Immigration and Naturalization Act, which provides as follows:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer, under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5.

8 U.S.C. § 1421(c).

A federal court can only exercise jurisdiction within the bounds of its statutory authority. Here, the statute provides the Court only has jurisdiction "after a hearing before an immigration officer under section 1447(a)." 8 U.S.C. § 1421(c). The statute goes on to state, "A Service

determination denying an application for naturalization shall not be subject to judicial review until the applicant has exhausted those administrative remedies available under section 336 of the Act." 8 U.S.C. § 1421(d). The available remedy is a hearing before an independent immigration officer. 8 U.S.C. § 1447(a).

"Section 1421(c), authorizing de novo judicial review of the denial of an application to be naturalized, requires the exhaustion of administrative remedies prior to seeking that relief." *Escaler*, 582 F.3d at 291. This requirement is "mandatory, and courts are not free to dispense with [it]." *Id.*

According to the documents filed by Plaintiff as attachments to his complaint, this jurisdictional prerequisite is not met. The initial denial of his application occurred on September 14, 2009. As provided in the denial and by regulation, he had thirty (30) days to appeal the denial by requesting a hearing before an immigration officer. Plaintiff did not request a hearing until January 6, 2017. His request was denied as untimely.

Because Plaintiff never had an administrative hearing on the denial of his naturalization application due to his failure to request such hearing in a timely manner, he failed to exhaust his administrative remedies and this Court is barred from reviewing that denial. *See Abiodun v. Gonzales*, 217 F. A'ppx 738, 741 n.4 (10th Cir. 2007) (district court cannot take jurisdiction until the applicant "exhaust[s] his administrative remedy of appealing the denial to an immigration officer"); *Idahosa v. Bureau of Immigration & Customs Enforcement*, 111 F. App'x 293, 294 (5th Cir. 2004) (where applicant failed to comply with applicable regulations for obtaining administrative hearing and thus failed to exhaust administrative remedies, "the district court lacked jurisdiction to review the denial of his application for naturalization"); 8 C.F.R. § 336.9(d) (requiring administrative exhaustion).

Moreover, even if Plaintiff could challenge the denial of his naturalization application almost nine (9) years after the fact, USCIS and this Court can consider Plaintiff's actions and convictions that have occurred in the meantime. *See* 8 U.S.C. § 1448(a) ("An applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character. *This includes the period between the examination and the administration of the oath of allegiance*.") (emphasis added). Whether or not multiple convictions for driving without a license amount to "poor moral character," his federal conviction in 2011 for attempt and conspiracy to commit mail fraud with a sentence of 108 months surely does. *See* 8 C.F.R. § 316.10(b)(2)(v).

## III.   Motions

Also before the Court are Plaintiff's Motion for Injunctive Relief for an Extraordinary Remedy (Doc. 11), Motion for Leave to Proceed In Forma Pauperis (Doc. 13), Motion for Marshal to Effectuate Service (Doc. 14), and Motion for Reconsideration (Doc. 15).

### A.  Motion for Injunctive Relief

Plaintiff filed a 60-page motion with 100 pages of attachments. In that motion, Plaintiff makes two primary requests. First, he asks the Court to compel USCIS to treat his hearing request as a motion to reopen and to render a decision on that motion. However, USCIS did in fact treat the request as a motion to reopen and denied it. *See* Notice of Decision, Doc. 10-1, at 5 ("USCIS has reviewed your improperly filed Form N-336 and has determined that it does not meet the requirements for a motion to reopen or reconsider, because you have failed to provide new facts to be proved in the reopened proceeding supported by affidavits . . . and you did not establish that the decision was incorrect based on the evidence of the record at the time of the initial decision.")

8

If Plaintiff is attempting to challenge USCIS's denial of his motion to reopen, such a claim is analyzed under the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq., as a "final agency decision for which there is no other adequate remedy in court." 5 U.S.C. § 704. Under the APA, agency action may only be disturbed if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E). An agency decision is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *NRDC v. U.S. Envir. Protection Agency*, 658 F.3d 200, 215 (2d Cir. 2011). "An abuse of discretion may be found in those circumstances where the [agency's] decision provides no rational explanation, inexplicably departs from established policies, . . . is devoid of any reasoning, or contains only summary or conclusory statements." *Zhao v. U.S. Dept. of Justice*, 265 F.3d 83, 93 (2d Cir. 2011).

USCIS regulations provide that "[i]f an untimely request for hearing meets the requirement of a motion to reopen as described in 8 C.F.R. 103.5(a)(2) or a motion to reconsider as described in 8 C.F.R. 103.5(a)(3), the request for hearing must be treated as a motion and a decision must be made on the merits of the case." 8 C.F.R. § 336.2. The requirements for a motion to reopen are as follows:

> A motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:
>
> (i) The requested evidence was not material to the issue of eligibility;

> (ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or
>
> (iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

8 C.F.R. § 103.5(a)(2). "A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision."  8 C.F.R. § 103.5(a)(3).

Plaintiff does not make any specific argument as to why his untimely hearing request should have been treated as a motion to reopen or reconsider. The Court cannot find that USCIS's decision was plausibly arbitrary, capricious, or an abuse of discretion.

Plaintiff's second request in his motion is for the Court to grant his naturalization application. The Court dealt with that request above in considering his complaint. Plaintiff does add a number of arguments and claims he did not make in his complaint, such as breach of duty of an immigration officer, inadequate investigation into his moral character by the USCIS, attorney malpractice, extenuating circumstances that mitigate the criminal conduct on which the USCIS based its denial, he in fact established good moral character, USCIS intentionally discriminated against him due to his national origin and/or race, and Plaintiff is a U.S. national. As explained above, the Court cannot consider these arguments and claims because Plaintiff did not present them first to the USCIS and because he did not raise them here in a timely manner.

Plaintiff's motion for injunctive relief (Doc. 11) is denied.

**B. Motion for Leave to Proceed In Forma Pauperis and Motion for Reconsideration**

The Court previously granted Plaintiff in forma pauperis status and allowed him to proceed without paying an initial filing fee. *See* Doc. 12. The order further stated that he remains required to pay the full filing fee of $350.00 but may pay it over time. In Docs. 13 and 15, Plaintiff argues he should not have to pay any filing fee.

28 U.S.C. § 1915 provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Court is directed to assess and, when funds exist, collect an initial partial filing fee. *Id*. After that, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2).

To the extent Plaintiff is challenging the constitutionality of 28 U.S.C. § 1915, the statute has been upheld by the Tenth Circuit, as well as numerous other circuit courts. *See Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997); *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997); *Murray v. Dosal*, 150 F.3d 814, 819 (8th Cir. 1998); *Nicholas v. Tucker*, 114 F.3d 17, 21 (2nd Cir. 1997); *Roller v. Gunn*, 107 F.3d 227, 231-34 (4th Cir. 1997); *Hampton v. Hobbs*, 106 F.3d 1281, 1283-88 (6th Cir. 1997); *Mitchell v. Farcass*, 112 F.3d 1483, 1487-89 (11th Cir. 1997); *Tucker v. Branker*, 142 F.3d 1294, 1301 (D.C. Cir. 1998). As the court reasoned in *Roller*,

> [r]equiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system.

*Roller*, 107 F.3d at 233; *Shabazz*, 127 F.3d at 1248-49.

Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 13) and Motion for Reconsideration (Doc. 15) are denied.

### C. Motion for Marshal to Effectuate Service

The Court has considered and denies Plaintiff's Motion for Service (Doc. 14). Summons shall not issue in this case unless and until the complaint survives screening. Once the screening process is successfully completed, the Court ordinarily orders service *sua sponte*. As the complaint has not survived screening, Plaintiff's motion (Doc. 14) is denied.

### IV.  Conclusion

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. The failure to file a timely, specific response waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999). Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **June 16, 2018**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunctive Relief for an Extraordinary Remedy (Doc. 11), Motion for Leave to Proceed In Forma Pauperis (Doc. 13), Motion for Marshal to Effectuate Service (Doc. 14), and Motion for Reconsideration (Doc. 15) are **DENIED**.


**IT IS SO ORDERED.**

DATED:  This 16th day of May, 2018, at Topeka, Kansas.


                                                      **s/ Sam A. Crow**
                                                      **SAM A. CROW**
                                                      **U.S. Senior District Judge**