IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANETIRONY CLERVRAIN,

                Plaintiff,

    v.                                                                                                   CASE NO. 18-3039-SAC

JEFF SESSIONS, et al.,

                Defendants.

**MEMORANDUM AND ORDER**

This matter is an action filed pursuant to 8 U.S.C. § 1421(c) challenging the determination of the U.S. Citizenship and Immigration Services (USCIS) to deny Mr. Clervrain's naturalization application. By order dated May 16, 2018, the Court directed Plaintiff to show cause why his complaint should not be dismissed for failure to state a claim upon which relief may be granted. The Court found that Plaintiff's complaint was subject to dismissal because it was untimely and because Plaintiff's failure to exhaust his administrative remedies deprived the Court of jurisdiction to review the denial of his naturalization application. Before the Court is Plaintiff's response to the show cause order (ECF Doc. 18). Also before the Court are four motions filed by Plaintiff.

In his 36-page response, Plaintiff makes numerous arguments, many of which are not relevant to this action.[1] For example, he argues he has been subject to "apartheid" in the federal prison system (ECF Doc. 18 at 6), and the Bureau of Prisons has unfairly classified him (*id*. at 19).

---

[1] Plaintiff has approximately 30 cases pending in federal courts across the country.

1

Plaintiff also makes arguments that are not responsive to the order to show cause, i.e., he was part of a group of "Africans" denied citizenship because of the "Obama presidency" (*id*. at 3), the purpose of denying his naturalization application was to exclude "Africans" from voting thus resulting in a violation of the Voting Rights Act (*id*.), he has been discriminated against by USCIS on the basis of race or national origin (*id*. at 8), and he wants to be the class representative for all Africans denied citizenship due to traffic violations since 2007 through the Obama presidency (*id*. at 34). Essentially, Plaintiff appears to be arguing he is of "good moral character" as required by the statute (*id*. at 7), and any finding otherwise is pretextual or based on impermissible grounds.

However, the Court cannot reach the merits of Mr. Clervrain's claim because he failed to meet the threshold requirements of filing his complaint within the limitation period and exhausting his administrative remedies, as explained in the order to show cause. In the midst of the irrelevant and nonresponsive arguments, Plaintiff does attempt to address the untimeliness of his complaint and his failure to exhaust his administrative remedies. He argues the Court should equitably toll the limitation period and excuse his failure to exhaust because his attorney was ineffective, he was transferred several times between federal facilities, he is actually innocent, and he is not represented by an attorney.

"Equitable tolling is a rare remedy to be applied in unusual circumstances." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). The litigant seeking equitable tolling has the burden of establishing that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Plaintiff has not met that burden. Pro se status and ignorance of the law do not warrant equitable tolling. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Attorney malpractice may in some instances support the application of equitable tolling, but Plaintiff has not adequately described what his attorney

allegedly did or did not do. Further, Plaintiff has not demonstrated that he acted diligently in pursuing his rights. Finally, while actual innocence may be a ground for overcoming the habeas corpus statute of limitations (*see McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)), it is not relevant here.

Even if the Court found Plaintiff qualified for equitable tolling thus excusing his failure to file this action within the limitation period, the Court cannot excuse his failure to exhaust his administrative remedies. "Section 1421(c), authorizing de novo judicial review of the denial of an application to be naturalized, requires the exhaustion of administrative remedies prior to seeking that relief." *Escaler v. U.S. Citizenship & Immigration Serv.*, 582 F.3d 288, 291 (2d Cir. 2009). This requirement is "mandatory, and courts are not free to dispense with [it]." *Id.* This Court does not have jurisdiction to review the denial of Plaintiff's application for naturalization because he failed to exhaust his administrative remedies, and Plaintiff's complaint must be dismissed.

Because Plaintiff's complaint was filed out of time and because he failed to exhaust his administrative remedies prior to filing as required by 8 U.S.C. § 1421(c), Plaintiff's complaint fails to state a claim upon which relief may be granted and is dismissed pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915A(b)(1). *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *Smith v. Cowman*, 208 F. App'x 687, 689 (10th Cir. 2006).

Plaintiff has the following motions pending: Motion for Extension of Time and for Good Cause (ECF Doc. 17), Motion to Convene a Three Judge Tribunal (ECF Doc. 19), Motion for Judicial Panel for Multidistrict Litigation (ECF Doc. 20), and Motion for Notice and Circumstances (ECF Doc. 21). Because the Court finds this action is subject to dismissal, all pending motions are denied as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time and for Good Cause (ECF Doc. 17), Motion to Convene a Three Judge Tribunal (ECF Doc. 19), Motion for Judicial Panel for Multidistrict Litigation (ECF Doc. 20), and Motion for Notice and Circumstances (ECF Doc. 21) are **DENIED**.

**IT IS SO ORDERED.**

DATED: This 5th day of October, 2018, at Topeka, Kansas.

s/_Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**