# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MANETIRONY CLERVRAIN,**

                 **Plaintiff,**

    v.                                          **CASE NO. 18-3039-SAC**

**JEFF SESSIONS, et al.,**

                 **Defendants.**

## MEMORANDUM AND ORDER

This matter was dismissed by the Court on October 5, 2018. Since that date, Plaintiff has filed fourteen (14) motions and a Notice of Appeal. Each of Plaintiff's pending motions is listed and considered below. The motions cover a range of topics, are difficult to decipher, and are largely repetitive. Several could be construed as motions for relief from judgment. However, Mr. Clervrain's filing in this closed case of motions attempting to add claims or defendants, motions asking to be transferred to home confinement, motions for computer access, and demands for a jury trial are ineffectual. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate.

Plaintiff's Complaint challenged the determination of the U.S. Citizenship and Immigration Services (USCIS) to deny Mr. Clervrain's naturalization application. The Complaint was dismissed because it was filed out of time and because Plaintiff failed to exhaust his

administrative remedies prior to filing as required by 8 U.S.C. § 1421(c). *See* Memorandum and Order and Order to Show Cause, ECF No. 16; and Memorandum and Order, ECF No. 25.

Having reviewed and considered all of Plaintiff's post-dismissal motions, the Court finds Plaintiff has raised no proper grounds for relief from the judgment. He has not explained why the Court was wrong to find that this action was not filed within the period of limitations or wrong to find that he did not follow the proper administrative procedures and exhaust his remedies. Plaintiff's requests for relief from judgment are therefore denied, as further discussed below.

**Motion for Consideration and Additional Evidence (ECF No. 28)**

Plaintiff asks the Court to review all claims in this case because he has met the requirements to be a "U.S. National" under 28 U.S.C. § 1601 and 8 U.S.C. § 1436, and because the Court has not considered his "apartheid claim." He wants the Court to order him transferred to a halfway house because he was not convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43). Plaintiff also argues he has met all requirements to become a naturalized citizen and is improperly classified as an alien and detainable. He argues he does not qualify for mandatory deportation and asks the Court to order ICE not to deport him.

Because this motion was filed within 28 days of the entry of judgment, the Court construes it as a motion to alter or amend a judgment under Rule 59(e). Rule 59(e) provides the Court may reconsider a final decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff does not claim there has been an intervening change in the controlling law or that there is new evidence available. Hence, Plaintiff must establish that the judgment was clearly erroneous or resulted in manifest injustice. This he does not do. None of Plaintiff's arguments address the reasons for the Court's dismissal of this action.

However, Plaintiff does argue that the Court did not consider his claim that he is a U.S. national before dismissing the case. Upon reviewing the Complaint (ECF No. 10), it appears Plaintiff arguably did raise this claim (*see* Count III, ECF No. 10 at 5). Therefore, the Court will consider it now.

Plaintiff brought this claim pursuant to 8 U.S.C. § 1503. The statute provides as follows:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

8 U.S.C. § 1503(a).

A national of the United States is "(A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(22). A person can be a U.S. national either at birth (*see* 8 U.S.C. § 1401, et seq.) or through naturalization (*see* 8 U.S.C. § 1421, et seq.).

Plaintiff does not explain either in this motion or in his Complaint why he believes he has met the requirements to be a U.S. national. He does argue in ECF No. 29 that because he signed

3

an oath of allegiance on December 9, 2008, during his naturalization interview (*see* ECF No. 1-1 at 14), he is a U.S. national. This argument has been rejected by the Tenth Circuit. The Tenth Circuit has found that "[s]igning an oath during the application process does not satisfy the 'public ceremony' requirement of 8 U.S.C. § 1448 ("A person who has applied for naturalization shall, in order to be and before being admitted to citizenship, take in a public ceremony before the Attorney General or a court with jurisdiction under section 1421(b) of this title an oath....")." *Abiodun v. Gonzales*, 461 F.3d 1210, 1216 (10th Cir. 2006), *citing see Tovar–Alvarez v. U.S. Att'y Gen.,* 427 F.3d 1350, 1353 (11th Cir. 2005) (rejecting an identical claim because petitioner "failed to show that he has taken the oath of allegiance during a public ceremony"); *Perdomo–Padilla v. Ashcroft,* 333 F.3d 964, 97**2** (9th Cir. 2003) (filing an application for naturalization in which an oath of allegiance is signed does not make the applicant a United States national). Hence, Plaintiff's argument that he is a U.S. national because he signed a naturalization application containing an oath of allegiance fails to state a claim.

However, even if Plaintiff had adequately stated a claim, the Court is prohibited from considering it. A person can generally pursue a nationality claim in two ways:

> First, if the person is in removal proceedings he can claim his status as a national as a defense. If the immigration judge rejects the defense and orders removal, the person can, after properly exhausting administrative channels, petition the court of appeals for the judicial district in which the immigration judge completed the removal proceedings under 8 U.S.C. § 1252(b) for review of the final order of removal, including for review of the nationality claim. *See* 8 U.S.C. § 1252(b)(5)(A) and (B); *see also Omolo v. Gonzales,* 452 F.3d 404, 407 (5th Cir.2006) (court of appeals had exclusive jurisdiction to review and determine whether petitioner was a national by construing habeas petition that was transferred from district court as petition for review).

> Second, a person can affirmatively seek proof of nationality by filing an application for a certificate of non-citizen national status with the Secretary of State under 8 U.S.C. § 1452(b). Following an adverse administrative appeal, the person can seek a judicial declaration of citizenship in the federal district courts, unless the issue of the person's status as a national "arose by reason of, or in connection with any

removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding. 8 U.S.C. § 1503(a).

*Yam-Pech v. Holder*, No. 13-CV-02885-WJM, 2014 WL 183822, at *3 (D. Colo. Jan. 16, 2014).

Plaintiff has not followed either of these avenues and does not have a right to an initial determination by this Court of whether he is a national of the United States. *See Clemons v. I.N.S.*, 16 F.3d 415 (Table), 1994 WL 18035, *1 (10th Cir. 1994). He must first exhaust his administrative remedies. *Id., citing see* 8 U.S.C. 1105a(c); *cf. Perez-Rodriguez v. INS,* 3 F.3d 1074, 1080 (7th Cir. 1993)(court lacked jurisdiction over petitioner's claim because, by neglecting to present his claim to the agency, petitioner failed to exhaust his administrative remedies); *Castaneda-Suarez v. INS,* 993 F.2d 142, 145 (7th Cir. 1993)(allowing agency to address claims initially avoids premature interference with agency's processes and, by permitting the parties and courts benefit of agency's expertise, provides for compilation of record adequate for judicial review); *Xiao v. Barr,* 979 F.2d 151, 153 (9th Cir. 1992)(Congress intentionally denied judicial review to alien who did not take advantage of right to administrative remedies). *See also Ortega v. Holder*, 592 F.3d 738, 744 (7th Cir. 2010) (an individual can establish nationality pursuant to § 1503 once an administrative application for a certificate of citizenship has been denied); *Nelson v. United States*, 107 F. App'x. 469, 470–71 (6th Cir. 2004) (§ 1503(a) requires a final administrative denial before a declaratory judgment action may be instituted).

Finally, Plaintiff's argument that the Court did not consider his apartheid claim is premised on an inaccuracy. Plaintiff did not make an "apartheid claim" in the Complaint. *See* ECF No. 10. To add claims or parties following dismissal, Plaintiff must first move to reopen the case under 59(e) or 60(b), which he arguably has done; such motion must be granted; and then he must file a motion for leave to amend under Rule 15(b), with the proposed Amended Complaint attached.

Here, the Court denies all of Plaintiff's motions to reconsider, so Plaintiff should not waste his time on a motion for leave to amend or on preparing an Amended Complaint.

Plaintiff's motion is denied.

**Motion for Failures and Considerations (ECF No. 29)**

Plaintiff first asks the Court to issue a declaratory judgment pursuant to 8 U.S.C. § 1503 after making a de novo determination of Plaintiff's status, finding that he is a U.S. national. This request is addressed above and denied.

Plaintiff further argues the Court's dismissal of this action is inconsistent with Congressional intent, USCIS's action is "in plain [contradiction] of statutory mandate" (ECF No. 29 at 2) and the agency is "engaged in the unlawful naturalization proceeding in violation of 8 U.S.C. 1422" (*id.* at 3). These arguments do not demonstrate that the Court's judgment finding his naturalization claim was untimely and finding Plaintiff failed to exhaust his administrative remedies was clearly erroneous or resulted in manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In addition, Plaintiff claims USCIS's denial of his naturalization application "has nothing to do with the case because the plaintiff pledge allegiance on December 9, 2008, which make his current status 'in limbo'" (at 3-4). This seems to refer to his argument that he is a U.S. national, which is considered and rejected above.

Plaintiff also argues the Court should have transferred the issue of his nationality claim to the Court of Appeals and cites 8 U.S.C. § 1252(b)(5). ECF No. 29 at 4. The statute cited by Plaintiff provides that actions for judicial review of removal orders must be filed in the Court of Appeals. 8 U.S.C. § 1252(a)(5). Plaintiff does not state in his Complaint that he is challenging an

order of removal, nor does he attach such an order. *See* ECF No. 10. Plaintiff cites Paragraph (b)(5) of the statute, which states that if the petitioner seeking review in the Court of Appeals of a removal order claims to be a U.S. national and a genuine issue of material fact exists, the Court of Appeals should transfer the proceeding to "the district court in the judicial district in which the petitioner resides for a new hearing on the nationality claim." 8 U.S.C. § 1252(b)(5). This paragraph is not applicable here.

Plaintiff includes several other arguments and complaints in this motion. He argues the Court failed to consider his request for leave to amend. The Court is unsure to which motion Plaintiff is referring and cannot find a motion for leave to amend filed before this case was dismissed. He complains that the judgment did not show the more than 30 defendants he listed in his initial filing. Plaintiff's initial filing (ECF No. 1) was found to be deficient, and he subsequently filed a proper Complaint (ECF No. 10).[1] The Complaint names one defendant. He argues he should not have to wait until the end of his sentence to conduct an immigration hearing (*id*. at 5-6). This is irrelevant to the reasons the Court dismissed this case. He argues he should be housed in home confinement (*id*. at 6). This is also not a proper issue for a motion to reconsider. He argues the Court failed to consider his claims under §1983. Plaintiff did not make any claims under § 1983 in his Complaint. *See* ECF No. 10.

. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. To the extent this could be considered a motion for relief from judgment, it is denied. None of Plaintiff's arguments establish that the Court's judgment was

---

[1] Plaintiff originally filed a sixty (60) page document, with thirty-one (31) pages of exhibits, titled "Memorandum of Law in Support of the Plaintiff's Federal Declaratory Judgment Act, pursuant to 28 U.S.C. § 2201." ECF No. 1. The Clerk issued Plaintiff a notice of deficiency (ECF No. 4) because the document, construed by the Clerk as a complaint, was not on court-approved forms. Plaintiff eventually complied with the Notice of Deficiency and submitted a Complaint on the correct form (ECF No. 10). This is the Complaint the Court screened. It names one defendant and is sixteen (16) pages long, including exhibits.

clearly erroneous or resulted in manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

**Motion for Judicial Panel Tribunals (ECF No. 30)**

Plaintiff again argues he met the requirements for naturalization and/or he meets the definition of a U.S. national, and he is not a deportable alien. He first alleges he "met all requirements as a naturalized citizen . . . under 8 C.F.R. 316.10(2)(b)(V) and 316.10(c)(1) or otherwise 8 U.S.C. 1452 – 1427." ECF No. 30 at 2. As explained by the Court in the Order to Show Cause and the Order dismissing this case, the Court does not reach the merits of Plaintiff's naturalization claim because he filed this action out of time and because he failed to exhaust his administrative remedies.

Plaintiff next argues "[e]ven with the allegation that he is not qualified as naturalized citizen, he certainly met the standard as a national under 8 U.S.C. 1452(b) and 8 U.S.C. 1101(a)(22)(B)." ECF No. 30 at 2. 8 U.S.C. § 1452(b) provides that a person claiming to be a national but not a citizen may apply to the Secretary of State for a certificate of non-citizen national status, which shall be issued only upon "proof to the satisfaction of the Secretary of State that the applicant is a national" and the person taking the oath of allegiance. 8 U.S.C. § 1101(a)(22)(B) defines "national of the United States" as "(A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22)(B).

By citing these statutes, the Court infers that Plaintiff is again making the argument that by signing the naturalization application containing the oath of allegiance, he gained the status of a U.S. national. The Court considered and rejected this argument above.

8

Plaintiff also seems to be arguing for a panel of judges from the Tenth, Ninth, Second, Eleventh, Third, Seventh, First and Federal Circuit to consider his claims. He cites Federal Rules of Appellate Procedure 8, 15, and 21. Rule 8 is titled "Stay or Injunction Pending Appeal"; Rule 15, "Review or Enforcement of an Agency Order – How Obtained; Intervention"; and Rule 21, "Writs of Mandamus and Prohibition, and Other Extraordinary Writs." None of these rules authorize this Court to empanel judges from multiple federal circuits to consider a plaintiff's case.

. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. To the extent this could be considered a motion for relief from judgment, it is denied. None of Plaintiff's arguments establish that the Court's judgment was clearly erroneous or resulted in manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

**Motion for Permissible Intervention for Defenses (ECF No. 31)**

Plaintiff states he is moving pursuant to Rule 24(b) (Permissive Intervention) and seems to be wanting several agencies to intervene in this case. He also repeats his argument that he met the requirements to be a naturalized citizen and his current status is "in limbo." He further argues his current conviction is not an aggravated felony so he should not be "placed in apartheid", and he is improperly classified by the BOP as an alien.

Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. To the extent this could be considered a motion for relief from judgment, it is denied for the previously stated reasons.

**Motion for Leave to Appeal in forma pauperis (ECF No. 34)**

"In order to succeed on [a motion for leave to proceed in forma pauperis on appeal], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'" *Spearman v. Collins*, 500 F. App'x 742, 743 (10th Cir. 2012) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Spearman*, 500 F. App'x at 743 (quotation omitted). *See also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (noting that an appeal is frivolous if it "lacks an arguable basis in either law or fact").

The Court does not doubt that Mr. Clervrain is unable to pay the filing fee. However, Mr. Clervrain has not shown the "existence of a reasoned, nonfrivolous argument on the law and facts in support of issues raised on appeal." *See Debardeleben*, 937 F.2d at 505. Accordingly, the Court concludes that Mr. Clervrain's appeal is not taken in good faith and therefore denies his motion.

**Motion for Relief and for the Enactment of Laws (ECF No. 35)**

Plaintiff argues several statutes and regulations should be declared unconstitutional because they promote discriminatory enforcement. To add claims or parties following dismissal, Plaintiff must first successfully move to reopen the case under 59(e) or 60(b), and then he must file a motion for leave to amend under Rule 15(b), with the proposed amended complaint attached.

Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. This motion is denied.

**Motion for Jury Demands and Defendants Jurisdiction (ECF No. 36)**

Plaintiff argues he has a right to trial by jury and again argues not all of his defendants or claims were considered by the Court.

Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. To the extent this could be considered a motion for relief from judgment, it is denied for the previously stated reasons.

**Motion for Amending the Controversy Allegations (ECF No. 38)**

Plaintiff describes how he wants to amend his Complaint. He also lists several categories of information that he wants various agencies to provide. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. This motion is denied.

**Motion for Necessary Information to Identify the Defendants (ECF No. 39)**

Plaintiff again argues not all of his defendants or claims were considered by the Court. He states, "[T]his case involves a controversy with the several agencies implicated in conspiracy against the nations by means extortion practice or mass deportation for the purpose unjust enrichment." ECF No. 39 at 2. The argument that the Court failed to include all of his desired defendants or claims has already been addressed. To add defendants or claims at this point, the case must be reopened, then Plaintiff must file a motion for leave to amend with a proposed

Amended Complaint attached. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate.

Plaintiff also claims he has no access to a law library, copies, and other legal materials, and has been denied "Priority Envelope" to serve the defendants. Plaintiff does not state a valid claim for denial of access to the courts. The right to access to courts neither requires "unlimited access to a law library" nor allows inmates "the right to select the method by which access will be provided." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (citations omitted). His "ample filings [in this Court] belie any argument that he is being denied meaningful access to the courts." *Rudnick v. Raemisch*, 731 F. App'x 753, 755 (10th Cir. 2018). Moreover, Plaintiff has not shown that "the denial of legal resources hindered [his] efforts to pursue a nonfrivolous claim." *See id.*, quoting *Penrod*, 94 F.3d at 1403. Plaintiff's requests for relief are denied.

**Motion for Actionable Claims and to Serve the Defendants (ECF No. 40)**

Plaintiff again seems to be attempting to amend his Complaint. To add defendants or claims at this point, the case must be reopened, then Plaintiff must file a motion for leave to amend with a proposed Amended Complaint attached. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate.

Plaintiff also appears to be proposing or asking the Court to enact new legislation (*see* ECF No. 40 at 18), and he alleges without support that he did not fail to state a claim. To the extent this could be considered a motion for relief from judgment, it is denied.

**Motion for Unfair Practice and Reduction of Sentence (ECF No. 41)**

Plaintiff complains the Court dismissed this case without considering his motion to be placed in home confinement or his claim that the BOP unfairly classified him. He also disputes the computation of good time credit/computation of his sentence and argues he should get a sentence reduction. This Court does not have jurisdiction over Plaintiff's sentencing, and claims relating to the computation of good time credit and length of sentence are properly brought under the habeas corpus statutes. This motion is denied.

**Motion for Conspiracy Claims and Denied Access to the Courts (ECF No. 42)**

Again, Plaintiff attempts to amend his Complaint by motion to add six defendants. Additionally, Plaintiff complains of "illegal transfer" and being "forced" to work and not having access to a computer. Finally, Plaintiff challenges the constitutionality of 18 USC 3621(b) (Imprisonment of a convicted person; Place of imprisonment.). To add defendants or claims at this point, the case must be reopened, then Plaintiff must file a motion for leave to amend with a proposed Amended Complaint attached. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. This motion is denied.

**Motion for a Pattern and Interfering with Constitutional Rights (ECF No. 44)**

Plaintiff refers to several motions filed in cases pending in other districts. He again tries to amend his Complaint to add a denial of access to the courts claim, again wants the Court to order he be transferred to home confinement, and again complains about classification and transfers. He asks that all of his desired defendants be served, and he requests treble damages. In addition, Plaintiff wants his conviction(s) vacated; wants electronic access to a law library

including the internet, Pacer, Lexis, Westlaw; wants the Court to forward copies of this motion to all other courts where he filed cases; and wants the Court to order defendants to show cause why relief should not be granted.

Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. This motion is denied.

**Motion for Constitutional Challenge and Punitive Act by Congress (ECF No. 45)**

Plaintiff's primary focus in this motion is complaining about having to pay filing fees as an indigent activist. He states that "as an activist he should not have to pay fees to protect the public by Apartheid or criminal enterprise." ECF No. 45 at 14. He alleges the total amount he owes for all of his federal cases and appeals is $40,000. *Id.* at 21. Plaintiff wants the Prison Litigation Reform Act (PLRA) declared unconstitutional.

This is a recurring theme in Plaintiff's litigation. He has repeatedly filed motions complaining about the PLRA's in forma pauperis provision, allowing indigent prisoners to bring civil actions without paying the full filing fee but requiring them to pay the full fee over time. *See* 28 U.S.C. § 1915. As the Court has previously explained to Plaintiff, 28 U.S.C. § 1915 has been upheld by the Tenth Circuit, as well as numerous other circuit courts. *See Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997); *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997); *Murray v. Dosal*, 150 F.3d 814, 819 (8th Cir. 1998); *Nicholas v. Tucker*, 114 F.3d 17, 21 (2nd Cir. 1997); *Roller v. Gunn*, 107 F.3d 227, 231-34 (4th Cir. 1997); *Hampton v. Hobbs*, 106 F.3d 1281, 1283-88 (6th Cir. 1997); *Mitchell v. Farcass*, 112 F.3d 1483, 1487-89 (11th Cir. 1997); *Tucker v. Branker*, 142 F.3d 1294, 1301 (D.C. Cir. 1998). As the court reasoned in *Roller*,

> [r]equiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar

to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system.

*Roller*, 107 F.3d at 233; *Shabazz*, 127 F.3d at 1248-49.

In addition to his complaint about filing fees, Plaintiff complains he is being "deprived the national menu by the (BOP)" and is "being exposure to cancer as part of his classification." ECF No. 45 at 4. He also complains about actions of the U.S. District Court for the Eastern District of Texas.

Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. This motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Consideration and Additional Evidence (ECF No. 28) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Failures and Considerations (ECF No. 29) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judicial Panel Tribunals (ECF No. 30) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Permissible Intervention for Defenses (ECF No. 31) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Appeal in forma pauperis (ECF No. 34) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief and for the Enactment of Laws (ECF No. 35) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Jury Demands and Defendants Jurisdiction (ECF No. 36) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Amending the Controversy Allegations (ECF No. 38) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Necessary Information to Identify the Defendants (ECF No. 39) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Actionable Claims and to Serve the Defendants (ECF No. 40) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Unfair Practice and Reduction of Sentence (ECF No. 41) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Conspiracy Claims and Denied Access to the Courts (ECF No. 42) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Pattern and Interfering with Constitutional Rights (ECF No. 44) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Constitutional Challenge and Punitive Act by Congress (ECF No. 45) is **denied**.

**IT IS FURTHER ORDERED** that any additional motions filed by Plaintiff may be subject to summary dismissal.

**IT IS SO ORDERED.**

DATED: This 23rd day of January, 2019, at Topeka, Kansas.

        **s/ Sam A. Crow**
        **SAM A. CROW**
        **U.S. Senior District Judge**